Argued and submitted October 28, 2019, reversed and remanded June 23, 2021

Steven CHARLTON,
*Plaintiff-Appellant,*
*v.*
ED STAUB AND SONS PETROLEUM, INC.,
a California corporation,
*Defendant,*
*and*
QUICKSILVER CONTRACTING COMPANY,
an Oregon corporation,
*Defendant-Respondent.*

Deschutes County Circuit Court
17CV34375; A167004

494 P3d 977

Plaintiff brought employment law claims against defendant Ed Staub and Sons Petroleum, Inc. (Ed Staub), not a party to this appeal, and Quicksilver Contracting for aiding and abetting the retaliation by Ed Staub in violation of ORS 659A.030(1)(g). The trial court dismissed plaintiff's claims against Quicksilver, noting that the statute implicates liability of only plaintiff's employer, coworkers, and supervisors. On appeal, plaintiff challenges the dismissal of Quicksilver, raising two related assignments of error each presenting a question of statutory interpretation as to the meaning of ORS 659A.030(1)(g), asserting that the statute applies to any "person" under ORS 659A.001(9). *Held*: The statutory interpretation issue in this case, as well as the argument raised, was identical in all respects to the issue raised and decided in *Hernandez v. Catholic Health Initiatives*, 311 Or App 70, 490 P3d 166 (2021). The trial court erred in granting Quicksilver's motion to dismiss.

Reversed and remanded.

Stephen P. Forte, Judge.

Carl Post argued the cause for appellant. Also on the briefs was John David Burgess.

Janet M. Schroer argued the cause for respondent. Also on the brief were Ruth C. Rocker and Hart Wagner LLP.

Cody Hoesly and Larkins Vacura Kayser LLP filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney

General, filed the brief *amicus curiae* for Bureau of Labor and Industries.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Reversed and remanded.

**JAMES, J.**

This case arises from employment law claims brought against defendant Ed Staub and Sons Petroleum, Inc. (Ed Staub), not a party to this appeal, and defendant-respondent Quicksilver Contracting Company (Quicksilver). Plaintiff, Steven Charlton, brought two claims under ORS 659A.199 and ORS 659A.230 against his former employer, Ed Staub, alleging termination of his employment in retaliation for reporting animal abuse. Plaintiff also brought a claim against Quicksilver for aiding and abetting the retaliation by Ed Staub in violation of ORS 659A.030(1)(g), which provides that it is unlawful "[f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so."

Pursuant to ORCP 21 A(8), Quicksilver moved to dismiss, arguing that plaintiff failed to state an ORS 659A.030(1)(g) claim against Quicksilver. Quicksilver argued that ORS 659A.030(1)(g) applies only to plaintiff's employer, coworkers, and supervisors. Quicksilver argued that since it did not employ plaintiff and it was not an employee of Ed Staub, ORS 659A.030(1)(g) does not apply to Quicksilver. The trial court agreed with Quicksilver and granted the motion to dismiss.

On appeal, plaintiff challenges the dismissal of Quicksilver, raising two related assignments of error each presenting a question of statutory interpretation as to the meaning of ORS 659A.030(1)(g). Plaintiff's first assignment of error is dispositive. There, plaintiff argues

"ORS 659A.030(1)(g) must be construed precisely as it would have before the 'or not' was removed. The original intent of the aiding and abetting statute was to prohibit aiding and abetting by 'all persons' whether an employer, an employee, *or not*. This Court should interpret ORS 659A.030(1)(g) broadly and continue to apply the statute to all persons who aid and abet discrimination or retaliation in this state."

(Emphasis in original.) The statutory interpretation issue in this case, as well as the argument raised, is identical in

all respects to the issue raised and decided in *Hernandez v. Catholic Health Initiatives*, 311 Or App 70, 490 P3d 166 (2021). As we did in *Hernandez*, we reverse.

On review from a motion to dismiss under ORCP 21 A(8), "'we accept as true all well-pleaded allegations in the complaint and give plaintiff the benefit of all favorable inferences that may be drawn from the facts alleged.'" *Deep Photonics Corp. v. LaChapelle*, 282 Or App 533, 536-37, 385 P3d 1126 (2016), *rev den*, 361 Or 524 (2017) (quoting *Granewich v. Harding*, 329 Or 47, 51, 985 P2d 788 (1999)).

Plaintiff was employed by defendant Ed Staub as a fuel truck driver. While delivering fuel to Quicksilver, a customer of Ed Staub, plaintiff noticed a dog he believed to be emaciated. Plaintiff, concerned for the dog's welfare, notified a driver of a logging shear that pulled into the area of the dog's condition. The driver informed plaintiff that the dog belonged to the night watchman. Plaintiff informed the driver that he was going to report the dog's condition to the police, notified the Deschutes County Sheriff, then continued with his deliveries for the day.

Shortly after, plaintiff's supervisor called him into his office, where he was confronted by his supervisor and the district manager for Ed Staub. Plaintiff was informed that Quicksilver decided to "take its fuel business elsewhere," which plaintiff alleges was a result of his complaint of animal abuse. Plaintiff finished his last delivery for the day, returned to the shop, and was informed that "he had been terminated for poor customer service."

Plaintiff subsequently filed this lawsuit alleging that his former employer, Ed Staub, discriminated and retaliated against plaintiff for the reports plaintiff made by terminating plaintiff's employment. Plaintiff further alleged that Quicksilver aided and abetted the discrimination and retaliation against him by prompting Ed Staub to terminate plaintiff's employment.

As we indicated, the issue presented in this case was recently resolved in *Hernandez*, 311 Or App at 80-81.

There, we held:

"[A]id-or-abet liability under ORS 659A.030(1)(g) is not limited to employers and employees. Anyone qualifying as a 'person' under ORS 659A.001(9) may be an aider or abettor of an unlawful employment practice in a way that subjects them to liability under ORS 659A.030(1)(g)."

*Hernandez* resolves the dispute in this case. Accordingly, the trial court erred in granting Quicksilver's motion to dismiss.

Reversed and remanded.